IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JOHN EARL MCGREGOR, JR., } | |
| TDCJ-CID NO.676164, } | |
|     Petitioner, } | |
| } | |
| v. } | CIVIL ACTION G-07-397 |
| } | |
| NATHANIEL QUARTERMAN } | |
|     Respondent. } | |

OPINION ON DISMISSAL

Petitioner John Earl McGregor, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the calculation of his sentence following a parole revocation. (Docket Entry No.1). He has also filed a memorandum of law in support of his petition. (Docket Entry No.3). Respondent has filed an answer in which he seeks a dismissal of the petition. (Docket Entry No.12). Petitioner has filed a response to the answer. (Docket Entry No.23). After considering the pleadings, the state court records, and the applicable law, the Court will dismiss the petition for the reasons set forth below.

I. BACKGROUND

Petitioner was convicted of possession of a controlled substance in cause number 674253 on December 3, 1993, in the 183rd District Court of Harris County, Texas, for which he was sentenced to twenty years confinement pursuant to a negotiated plea. (Docket Entries No.1; No.12, Exhibit A; No.13, *Ex parte McGregor*, Application No.26,643-02, page 21.). On March 27, 2000, petitioner was released on parole. (Docket Entry No.13, Parole Revocation Records, pages 12-13). On February 6, 2006, he was convicted in the 122nd District Court of Galveston,

1

Texas, of possession of a controlled substance in cause number 04CR3052, for which he was sentenced to five years confinement. (Docket Entries No.1; No.12, Exhibit A; No.13, *Ex parte McGregor*, Application No.26,643-02, page 21.). His parole was revoked on November 15, 2006. (Docket Entry No.13, Parole Revocation Records, pages 12-13, 1-2).

On April 9, 2007, petitioner filed a state habeas application in which he challenged the calculation of his sentence. (Docket Entry No.12, *Ex parte McGregor*, No.26,643-02, page 1). The Texas Court of Criminal Appeals denied the application on July 11, 2007, without written order on the findings of the trial court without a hearing. (*Id.* at cover). Petitioner filed a time-credit dispute on June 7, 2007, which was resolved on August 25, 2007. (Docket Entry No.12, Exhibit B, page 2).

Petitioner executed the pending federal petition on July 26, 2007. (Docket Entry No.1). Petitioner does not challenge any of his underlying criminal convictions.[1] Instead he challenges the calculation of his sentence following his last parole revocation. (Docket Entries No.3, No.23). Liberally construing petitioner's pleadings, the Court finds that petitioner seeks federal habeas relief on the following grounds:

1. The state district judge who sentenced petitioner in 2006, attached the five-year sentence for the drug conviction to a twenty-year sentence that he received in 1986 from his conviction for possession of a controlled substance.

---

[1] Prior to the present convictions, petitioner had been convicted of delivery of a controlled substance in cause number 86CR0082 on July 17, 1986, in the 212th District Court of Galveston County, Texas, for which he was sentenced to twenty years confinement. (Docket Entries No.1; No.12, Exhibit A; No.13, *Ex parte McGregor*, Application No.26,643-02, page 21). Petitioner was released on parole on August 12, 1988 and parole was revoked on March 14, 1990. (Docket Entry No.13, Parole Revocation Records, pages 17-19). He was convicted of burglary of a building in cause number 89CR0126 on November 17, 1989, in the 10th District Court of Galveston County, for which he was sentenced to seventeen years confinement, to run concurrently with the 1986 sentence. (Docket Entries No.1; No.12, Exhibit A; No.13, *Ex parte McGregor*, Application No.26,643-02, page 21). He was again released on parole on September 21, 1990, and parole was revoked on October 6, 1993. (Docket Entry No.13, Parole Revocation Records, pages 20, 22).

2. State action disallowed the September 9, 2013 expiration of the twenty-year sentence from his 1993 conviction and extended the sentence to 2019, in violation of the *Ex Post Facto* Clause.

3. Petitioner was wrongfully denied credit toward his 1993 sentence when the State denied him street-time credit for the time served on parole; the State failed to compute the time that petitioner was confined in county jail following his arrest through his revocation hearing.

(Docket Entries No.1, No.3, No.23).

Respondent contends that to the extent the petitioner challenges the forfeiture of street-time credits from the revocation of his parole in 1990 and 1993 from his 1986 conviction, such claims are time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). (Docket Entry No.12). Respondent further contends that petitioner is not entitled to street-time credit earned prior to his 2006 parole revocation under section 508.283(c) of the Texas Government Code; therefore, he cannot show a constitutionally cognizable liberty interest in such credit and cannot show that the denial of the same violates the *Ex Post Facto* Clause. (*Id.*).

## II. DISCUSSION

### A. Claims Regarding Calculation of 1986 and 1989 Sentences

Respondent contends that to the extent the petitioner raises a time-calculation claim with respect to his parole revocations in 1990 and 1993, such claims are barred by the governing statute of limitations. (Docket Entry No.12). In his original petition, petitioner claimed the sentencing judge attached his 2006 sentence to a twenty-year sentence that he received in 1986 for possession of a controlled substance. (Docket Entry No.1). Petitioner received another conviction in 1989 for burglary of a building, whose sentence ran concurrently

with the 1986 sentence. (Docket Entries No.1; No.12, Exhibit A, No.13, *Ex parte McGregor*, Application No.26,643-02, page 21). He has apparently discharged the 1986 and 1989 convictions.

In response to respondent's answer, petitioner indicates that he is not seeking federal habeas relief with respect to the 1986 and 1989 sentences or the 1990 and 1993 parole revocations. (Docket Entry No.23). Because petitioner has abandoned any claim with respect to the 1986 and 1989 convictions and the calculation of his time credit following the revocation of parole with respect to the sentence attached to each conviction, the Court dismisses any claim to the same without discussion.

### B. Calculation of 1993 Sentence

Respondent contends that petitioner is not entitled to federal habeas relief because he has failed to identify how the state court acted contrary to federal law or applied federal law unreasonably in his petition pursuant to the AEDPA. (Docket Entry No.12). Respondent further claims that petitioner fails to state a cognizable claim for federal habeas relief. (*Id*.).

The AEDPA, codified as amended at 28 U.S.C. § 2254(d), "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Specifically, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under the law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

The petitioner retains the burden to prove that he is entitled to habeas corpus relief. *Williams v. Taylor*, 529 U.S. 362 (2000). In this case, petitioner presented claims in a state habeas corpus application, which the Texas Court of Criminal Appeals denied without

4

written order on the trial court's findings without a hearing.  As a matter of law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of a claim.  *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) (citing *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)).  Therefore, only those claims properly raised by petitioner in the state application for habeas corpus relief have been adjudicated on the merits by the state courts.

Where a petitioner's claim has been adjudicated on the merits, section 2254(d) holds that this Court shall not grant relief unless the state court's adjudication:

>  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *Williams*, 529 U.S. at 411-13; *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  Courts are to review pure questions of law and mixed questions of law and fact under subsection (d)(1), and pure questions of fact under subsection (d)(2).  *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).

"The standard is one of objective reasonableness."  *Montoya*, 226 F.3d at 403-04 (quoting *Williams*, 529 U.S. at 412-13 (O'Connor, J., concurring)).  Under this standard, a federal court's review is restricted to the reasonableness of the state court's "ultimate decision, not every jot of its reasoning."  *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (citing *Cruz v. Miller*, 255 F.3d 77, 86 (2nd Cir. 2001) (noting that even where a state court makes a mistake in its analysis, "we are determining the reasonableness of the state court's 'decision,' . . . not grading their papers").

A decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413.  A decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle. . . but unreasonably applies that principle to the facts of the prisoner's case." *Id.*  To be unreasonable, the state decision must be more than merely incorrect.  *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001).  A reversal is not required unless "the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'" *Id.*  Factual findings made by the state court in deciding a petitioner's claims are presumed correct, unless the petitioner rebuts those findings with "clear and convincing evidence."  28 U.S.C. § 2254(e)(1); *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

### 1. Forfeiture of Street-Time Credit

Petitioner contends that he should be given credit toward his 1993 sentence for the time he spent on parole prior to the revocation of parole in 2006.  Petitioner maintains that he had accumulated twelve years, seven months, and eighteen days prior to his parole revocation on November 15, 2006, not counting the eighteen months he had already served in county jail prior to his 2006 drug sentence.  (Docket Entry No.23).  Petitioner argues that this pre-revocation time and the time that he spent in county jail following his arrest in 2004 through his parole revocation hearing in 2006 should be considered in determining whether he is entitled to street-time credit pursuant to section 508.283(c) of the Texas Government Code.  (*Id.*).  Petitioner

maintains because he is eligible for release to mandatory supervision he has a liberty interest in such credit. (*Id.*).

The record does not clearly indicate that petitioner raised such claims in his state habeas application; but to the extent that he did, it appears that such claims were rejected implicitly on state habeas corpus review, without any specific findings. (Docket Entry No.12, *Ex parte McGregor*, No. 26,643-02, pages 1-16, 22). For reasons set forth below, petitioner fails to show that the state court's decision was incorrect or that was entitled to street-time credit upon his return to prison following the most recent revocation of his parole.

In Texas, an inmate whose supervised release was revoked before September 1, 2001, was not entitled to credit against his sentence for the street time he had accumulated following the date of his release to the date of his revocation. TEX. GOV'T CODE ANN. § 508.283(b) (Vernon 2004) (formerly codified at TEX. CRIM. PROC. CODE art. 42.18, § 14(a)). Therefore, under the statutory scheme in place prior to September 1, 2001, Texas inmates had no constitutionally protected liberty interest in retention of accumulated street-time credit. *Thompson v. Cockrell*, 263 F.3d 423, 426 (5th Cir. 2001). Under the statute as amended, certain inmates, whose supervised releases were revoked on or after September 1, 2001, are entitled to some street-time credit upon their return to TDCJ. TEX. GOV'T CODE ANN. § 508.283(c) (Vernon 2004); *Ex parte Spann*, 132 S.W.3d 390, 392 (Tex. Crim. App. 2004) (observing that § 508.283(c) of the Texas Government Code and its provision awarding street-time credit applies to revocations occurring on or after September 1, 2001). The Fifth Circuit has acknowledged the possibility that the amended statutory scheme found at § 508.283(c) of the Texas Government Code may have created a protected liberty interest in the retention of street-time credit by some prisoners whose supervised release was revoked after September 1, 2001. *See Whitley v. Dretke*,

111 Fed. App'x 222, 223, 2004 WL 1895117 (5th Cir. 2004) (unpublished). Petitioner's latest parole revocation occurred in 2006, therefore, the amended version of § 508.283(c) applies to him in this instance. Even assuming that the amended statute creates a protected liberty interest, petitioner, nevertheless, fails to show that he is eligible for the restoration of any street-time credit under this amended statutory scheme.

Before a Texas inmate can be entitled to restoration of street-time credit under § 508.283(c), he must satisfy two conditions. First, the inmate must not be serving a sentence for and must not previously have been convicted of a crime described in § 508.149(a) of the Texas Government Code, which lists a variety of aggravated offenses. TEX. GOV'T CODE § 508.283(b). Second, the "remaining portion" of the inmate's sentence must not be greater than the time spent on parole or mandatory supervision. *Id.* § 508.283(c); *Ex parte Keller*, 173 S.W.3d 492, 494 (Tex. Crim. App. 2005). The remaining portion of the sentence for purposes of § 508.283 (c) is calculated as the number of days of the sentence remaining as of the offender's date of release to parole less the number of days the offender spent on parole. *Spann*, 132 S.W.3d at 395. Under the express terms of the statute, the amount of the time spent on parole is deemed to end on the date the revocation warrant issues. TEX. GOV'T CODE § 508.283(c); *Spann*, 132 S.W.3d at 393 & n. 6. Thus, under the second criterion found in § 508.283(c), an offender is entitled to street-time credit for the time spent on parole if, at the time the revocation warrant is issued, he has already served over half of his remaining sentence. *Ex parte Mabry*, 137 S.W.3d 58, 64-65 (Tex. Crim. App. 2004) (J. Keasler, concurring in part).

Petitioner satisfies the first condition; he does not have a conviction for one of the aggravated crimes enumerated in § 508.149(a) of the Texas Government Code. Petitioner,

however, does not satisfy the second condition found in 508.283(c). Petitioner was sentenced to a twenty-year term in 1993. He had served approximately six and one-half years (2,391 days) when he was released to parole on March 27, 2000. (Docket Entry No.12, Parole Revocation Record, pages 12-13). On that date, petitioner had approximately thirteen and one-half years (4,914 days) remaining on the sentence, which was set to expire on September 9, 2013. (*Id.*). The warrant authorizing petitioner's retaking before revocation of his parole issued on October 18, 2004. (*Id.*, page 21). At the time the warrant issued, petitioner had accumulated approximately four and one-half years (1,666 days) of street-time credit. Subtracting petitioner's parole time of four and one-half years (1,666 days) from the thirteen and one-half years (4,914 days) yet to be served on the date of release to parole equals almost nine years (3,248 days) remaining on his sentence. (Docket Entry No.12, Exhibit B). Because the remaining portion of petitioner's sentence exceeds the amount of time that he served on parole, he is not entitled to any restored street-time credit under § 508.283(c). Under these circumstances, petitioner does not meet the second condition for street-time credit found in § 508.283(c) and cannot show that he was deprived of these credits in violation of the Due Process Clause following the revocation of his parole.

Petitioner, nevertheless, contends he is entitled to time credit on his 1993 conviction for the period of confinement from his arrest on the revocation warrant to the revocation hearing pursuant to article 42.03, § 2(a) of the Texas Code of Criminal Procedure. (Docket Entry No.23). Section 2(a) of article 42.03 requires the sentencing judge to give the defendant in a criminal case credit on his sentence for the time the defendant has spent "in jail for the case. . . from the time of [the defendant's] arrest and confinement *until his sentence by the*

*trial court.*"  *See* TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(a) (Vernon Supp. 2007) (emphasis added).  The provisions of article 42.03, § 2(a) do not apply in the context of a parole revocation. A parolee has already been sentenced by the trial court for his criminal case and commenced service of his sentence.  Therefore, petitioner's contention is without merit.

A Texas parole violator, however, is entitled to sentence credit for "any time spent in confinement pursuant to the execution of a pre-revocation warrant and that credit cannot be denied a parolee."  *Ex parte Price*, 922 S.W.2d 957, 958-59 (Tex. Crim. App. 1996).  Such entitlement, however, does not impact the determination of whether an inmate is entitled to street-time credit for time served on parole under § 508.283(c).  Section 508.283(c) does not require that the flat-time an inmate earns during his confinement following the execution of a pre-revocation warrant be considered in determining whether an inmate's street-time is retained or forfeited upon the revocation of parole.  As previously discussed, § 508.283(c) provides for consideration of the time the inmate spent on parole, *i.e.*, the date of his release to parole until the issuance of a pre-revocation warrant, and the amount of flat-time remaining on the inmate's sentence at the time the parole revocation warrant is used.  *See* TEX. GOV'T CODE § 508.283(c); *Ex parte Mabry*, 137 S.W.3d at 64.

Petitioner also complains the TDCJ time calculation sheet issued on March 15, 2006 showed the maximum expiration date to be March 17, 2019 (Docket Entry No. 23, Exhibit 4), while time calculations sheets dated July 17, 2007, and May 2, 2008, show the maximum expiration date to be December 16, 2019.  (*Id.*, Exhibits 2, 3).  The inconsistency in the reporting of the maximum discharge date may be explained as follows:  Classification and Records Program Specialist Charley Valdez attests by affidavit that upon petitioner's initial return to prison in 2006, he was "charged as out of custody for a period of 5-years, 6-months, and 6-days

for an unsatisfactory term of parole." (Docket Entry No.13, Exhibit B). On December 18, 2006, the TDCJ Parole Division-Warrants Section issued a corrected Jail Time Credit Notification, thereby charging petitioner with out of custody for 6-years, 3-months, and 7-days. (*Id.*) As of September 13, 2007, Valdez attests that petitioner had a total of 7-years, 8-months and 28-days of flat time, 1-year, 1-month, and 17-days of good time, and 7 months and 4-days of work time credits served on his sentence. (*Id.*). The current maximum expiration date of petitioner's 1993 sentence is December 16, 2019. (*Id.*).

### 2. *Ex Post Facto* Claim

Petitioner maintains by denying him street-time credit toward his 1993 sentence, the TDCJ Classification and Records Department has extended his 1993 sentence, which was set to discharge in September 9, 2013, to December 16, 2019, in violation of the *Ex Post Facto* Clause. (Docket Entries No.3, No.23).

To constitute a violation of the *Ex Post Facto* Clause, a law "must be both retroactive and to a prisoner's detriment." *Hallmark v. Johnson*, 118 F.3d 1073, 1077-78 (5th Cir. 1997). A law is retroactive if it applies to events occurring before its enactment. *Lynce v. Mathis*, 519 U.S. 433, 441 (1997). A law is to the prisoner's detriment if it creates a "sufficient risk of increasing the punishment attached to the defendant's crimes." *McCall v. Dretke*, 390 F.3d 358, 363 (5th Cir. 2004) (citations and quotation omitted). Where a statute applies retroactively, the existence of an *ex post facto* violation depends on whether the statute constitutes additional criminal punishment for the crimes previously committed. *Kansas v. Hendricks*, 521 U.S. 346, 371 (1997).

In this case, petitioner cannot show that § 508.283(c) constitutes a retroactive change to his detriment because there has been no increase in his punishment. Street time credit

was completely unavailable to Texas inmates until 2001, years after petitioner committed the drug offense for which he was sentenced in 1993. Thus, petitioner cannot show that application of the current law, which does allow street time (although unavailable to petitioner), constitutes a detriment to him. Petitioner must still serve the same twenty-year sentence imposed by the state district court and permitted by Texas law at the time of the drug offense.

In summary, the state court's decision to deny relief was not contrary to clearly established federal law as determined by the Supreme Court of the United States; nor did it otherwise involve an unreasonable application of clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1). Accordingly, petitioner fails to show that he is entitled to a federal writ of habeas corpus on any of his claims.

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing of the

denial of a constitutional right; therefore, a certificate of appealability from this decision will not issue.

## IV. CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2. This cause of action is DISMISSED with prejudice.

3. A certificate of appealability is DENIED.

4. All pending motions, if any, are DENIED.

The Clerk will provide copies to the parties.

SIGNED at Houston, Texas, this 17th day of June, 2008.

                                    MELINDA HARMON
                              UNITED STATES DISTRICT JUDGE